## SIEGEL v. REECE BUTTONHOLE MACH. CO.

(Supreme Court, Appellate Term, First Department.   March 18, 1915.)

FRAUDS, STATUTE OF ☞129—PERFORMANCE WITHIN YEAR—LEASE OF PER-
SONALTY—PART PERFORMANCE.
  Where a machine was delivered to the lessee under a 99-year oral lease
and one month's rent thereon paid, but thereafter the lessee surrendered
possession for the purpose of allowing repairs to be made, and the lessor
refused to redeliver, there was not such part performance as would take
the contract out of the statute of frauds and permit the lessee to recover
damages for its breach.
  [Ed. Note.—For other cases, see Frauds, Statute of, Cent. Dig. §§ 287–
292, 303, 306–308, 310–312, 314, 318–320, 322, 323, 325, 326;  Dec. Dig.
☞129.]

Appeal from City Court of New York, Special Term.

Action by Abe Siegel against the Reece Buttonhole Machine Com-
pany.  Judgment for the defendant, and plaintiff appeals.  Affirmed.

Argued March term, 1915, before LEHMAN, HENDRICK, and
COHALAN, JJ.

Gerson C. Young, of New York City, for appellant.

Rogers, Kennedy & Campbell, of New York City (Nelson Zabriskie,
of New York City, of counsel), for respondent.

COHALAN, J.  Defendant, in the court below, moved for judg-
ment on the pleadings.  The complaint alleges that on the 29th day
of April, 1914, the Siegel Vest Company and the defendant entered
into an agreement wherein the Siegel Vest Company leased a but-
tonhole machine from the defendant for a period of 99 years, at a
rental of $20 per month; that a delivery of the machine into the pos-
session of the plaintiff's assignor was made; that the same was taken
away for the purpose of repairing it by the defendant; that there was
a failure to return the same; and thereupon damages are claimed for
the loss of the use of the machine in the sum of $2,000.  The de-
fendant pleads the statute of frauds.

In pursuance of the agreement of hiring, the sum of $20 was
paid to the defendant.  It is unquestioned that the contract was not
in writing.  It was executed only to the extent that the machine had
been installed in the plaintiff's place of business and one month's rent
therefor had been paid.  So far as it was executed, of course, the
statute of frauds has no application; but so far as it was executory,
the statute does apply.  The plaintiff could not be deprived of any
rights gained by the part performance of the contract, and rightfully
held possession of the machine so long as the defendant permitted him
to hold it.  The oral lease, however, being void, did not permit the
plaintiff to set up any affirmative right thereunder for the future;
hence the defendant had a right to retake the machine at any time
without being chargeable with liability as for a breach.  The fact that
the action is for a breach of contract conclusively shows that it was
not executed.  The complaint, therefore, as amplified by the bill of

particulars, sets forth no cause of action, and the defendant was entitled to judgment on the pleadings. The court below, however, should have granted the appellant the right to amend the complaint.

In this respect the order appealed from is modified, and, as so modified, the order is affirmed, without costs. Disbursements of the appeal to the appellant. All concur.